IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| STELLA POE and <br> LONE STAR FAST FUNDING, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CARRINGTON MORTGAGE <br> SERVICES, LLC, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> §    Civil Action No. 5:23-cv-781 <br> § <br> § <br> § <br> § <br> § |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section 1446(a), Defendant Carrington Mortgage Services, LLC ("Defendant"), files this notice of the removal of this action from the 438th District Court of Bexar County, Texas. Defendant submits this Notice in support of its removal. Removal is based on diversity of citizenship jurisdiction. Defendant respectfully shows as follows:

## INTRODUCTION

1. On June 2, 2023, Plaintiffs Stella Poe and Lone Star Fast Funding, LLC (collectively "Plaintiffs") instituted this action, styled *Stella Poe and Lone Star Fast Funding, LLC v. Carrington Mortgage Services, LLC*, under Cause No. 2023CI10908 in the 438th District Court of Bexar County, Texas (the "State Court Action"). A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as **Exhibit A**. In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action are attached hereto within the contents of **Exhibit B.**

2. Plaintiffs filed their *Original Petition* in the State Court Action (the "Petition") on June 2, 2023. The allegations in the Petition relate to a note, deed of trust and foreclosure

proceedings on real property located at 315 Berkshire Ave., San Antonio, Texas 78210, and more particularly described as:

> A TRACT OF LAND BEING PART OF LOT THIRTY (30), IN BLOCK TEN (10), OF KING ESTATES, SECTION ONE (1), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 183, PAGE 11, OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS AND BEING DESCRIBED BY METES AND BOUNDS AS FOLLOWS: BEGINNING AT THE NORTHEAST CORNER OF LOT 30, BLOCK 10 OF KING ESTATES, SECTION ONE (1); THENCE SOUTH 0 DEGREES 24 MINUTES 57 SECONDS EAST ALONG THE EAST LINE OF LOT 30, 97.55 FEET TO A POINT, SAID POINT BEING NORTH 0 DEGREES 24 MINUTES 57 SECONDS WEST, 21.00 FEET FROM THE SOUTHEAST CORNER OF LOT 30; THENCE IN A SOUTHWESTERLY DIRECTION 94.25 FEET TO A POINT IN THE SOUTHWESTERLY LINE OF LOT 30; THENCE IN A NORTHWESTERLY DIRECTION ALONG THE SOUTHWESTERLY LINE OF LOT 30, 34.25 FEET TO A POINT; THENCE NORTH 24 DEGREES 27 MINUTES 51 SECONDS EAST ALONG THE WESTERLY LINE OF LOT 30, 125.71 FEET TO THE NORTHWEST CORNER OF LOT 30; THENCE SOUTH 89 DEGREES 49 MINUTES 13 SECONDS EAST ALONG THE NORTH LINE OF LOT 30, 56.07 FEET TO THE PLACE OF BEGINNING.

("the Property"). (*See Petition* at ¶ 5.1.)  In the Petition, Plaintiffs allege that Defendant refuses to provide payoff figures to allow Plaintiff Stella Poe to sell the Property and pay off the mortgage loan. (*See Petition* at ¶ 5.9.)  Plaintiffs bring claims for common law fraud and breach of contract. (*See Petition* at ¶¶ 6.1-7.1.)  Plaintiffs further seek injunctive relief to prohibit foreclosure of the Property. (*See Petition* at ¶¶ 8.1-8.4.)  Plaintiffs also seek monetary damages and attorney's fees as allowed by law. (*See Petition* at § IX. Damages, Attorneys Fees & Request for Relief.)

3.      This Notice of Removal is timely because thirty (30) days have not expired since the case first became removable, making removal proper in accordance with 28 U.S.C. Section 1446(b)(3).

4.      This action is removable to federal court pursuant to 28 U.S.C. Section 1441

because it could have been filed originally in this Court pursuant to diversity jurisdiction conferred by 28 U.S.C. Section 1332.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

**A.     There is diversity between the parties.**

5.     Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and 1441(b) because the amount in controversy is well in excess of $75,000.00 exclusive of interest, costs, and attorney fees.

6.     Plaintiff Stella Poe is an individual and citizen of the state of Texas. (*See Petition* at ¶ 2.2.)

7.     Plaintiff Lone Star Fast Funding, LLC is a Texas limited liability company. The citizenship of a limited liability company is determined by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Lone Star Fast Funding, LLC's members are William E. Dimick, III and Logan B. Fullmer, who are natural persons and individuals and citizens of the state of Texas. Therefore, for diversity purposes, Lone Star Fast Funding, LLC is a citizen of Texas.

8.     Defendant Carrington Mortgage Services, LLC is a Delaware limited liability company. The citizenship of a limited liability company is determined by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Carrington Mortgage Services LLC's members are Carrington Holding Company, LLC and Carrington Investment Partners, LP. Carrington Holding Company, LLC is a Delaware limited liability company, whose sole member is The Carrington Companies, LLC. Carrington Investment Partners, LP is a Delaware limited partnership whose general partner is Carrington Capital Management, LLC. Carrington Capital Management, LLC is a Delaware limited liability company whose members are Carrington Holding Company and a natural person. The natural person is not

a citizen of the state of Texas. The Carrington Companies, LLC is a Delaware limited liability company, whose members are two natural person who are citizens of Tennessee and Wyoming, respectively. Defendant Carrington Mortgage Services, LLC, is thus not a citizen of Texas.

9. There is complete diversity between Plaintiffs and Defendant in this matter because Plaintiffs and Defendant are not citizens of the same State. *See* U.S.C. § 1332(a)(1).

**B.      The amount in controversy exceeds $75,000.00.**

10. The amount in controversy exceeds the sum or value of $75,000.00. In the Fifth Circuit, when declaratory and/or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc*. 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

11. "Reasonable bases for valuing properties include 'purchase price, market value, or outstanding principal and interest.' This court considers market value to be the preferred method." *McPherson v. Bank of Am., N.A.*, No. H-16-3498, 2016 U.S. Dist. LEXIS 180115, at *6 (S.D. Tex. Dec. 30, 2016) (citations omitted). A defendant who attaches to a notice of removal the local appraisal district's summary showing the market value of the property exceeds $75,000.00 meets

the burden of establishing that diversity jurisdiction exits. *See id.* at *6; *see also Govea v. JPMorgan Chase Bank, N.A.*, No. H-10-3482, 2010 U.S. Dist. LEXIS 130940, at *11 (S.D. Tex. Dec. 10, 2010); *Funke v. Deutsche Bank Nat'l Tr. Co.*, Civil Action No. 5:14-CV-307, 2014 U.S. Dist. LEXIS 104438, at *5–6 (W.D. Tex. July 31, 2014); *Johnson v. Wells Fargo Bank, N.A.*, No. 4:12CV768, 2013 U.S. Dist. LEXIS 41583, at *7 (E.D. Tex. Feb. 22, 2013).

12. Plaintiffs seek injunctive relief to prevent Defendant from foreclosing on the Property. (*See Petition* at ¶¶ 8.1-8.4.) Therefore, through their request for injunctive relief, Plaintiffs have put an amount in controversy equal to the value of the Property. The Bexar County Central Appraisal District's most recent valuation of the Property shows a total assessed value of the Property at $202,055.00. (*See* Exhibits C, C-1.) For this reason alone, the amount in controversy exceeds $75,000.00.

## VENUE

14. Venue for removal is proper in this district and division, the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the 438th District Court of Bexar County, Texas, the forum in which the removed action was pending.

## NOTICE

15. Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of the 438th District Court of Bexar County, Texas.

16. The contents of **Exhibit B** constitute the entire file of Cause No. 2023CI10908 in the 438th District Court of Bexar County, Texas.

## CONCLUSION

For the reasons described above, Defendant respectfully requests that this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

                                          Respectfully submitted,

                        By:  */s/ Mark D. Cronenwett*
                             **MARK D. CRONENWETT**
                             Texas Bar No. 00787303
                             mcronenwett@mwzmlaw.com

**MACKIE, WOLF, ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT**

## List of all Counsel of Record

1. Stella Poe and Lone Star Fast Funding, LLC
   Plaintiffs
   Geoffrey Mayfield
   Texas Bar No. 24051011
   14503 Huebner Road, Building 32
   San Antonio, Texas 78229
   geoff.mayfield@gmail.com
   Telephone: (210) 535-0870
   Facsimile: (210) 525-8699

2. Carrington Mortgage Services, LLC.
   Defendant
   Mark D. Cronenwett
   Texas Bar No. 00787303
   mcronenwett@mwzmlaw.com
   Mackie Wolf Zientz & Mann, P. C.
   14160 North Dallas Parkway
   Dallas, TX 75254
   (214) 635-2650
   (214) 635-2686 (Fax)

## INDEX OF DOCUMENTS ATTACHED

Exhibit A   Copy of the Docket Sheet for Cause No. 2023CI10908 in the 438th District Court of Bexar County, Texas;

Exhibit B

    B-1   Plaintiff's Original Petition, June 2, 2023;

    B-2   Temporary Restraining Order, June 2, 2023;

Exhibit C   Declaration of Mark D. Cronenwett; and

    C-1   Printout from the Bexar County, Texas Central Appraisal District website on June 20, 2023.

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been served via regular U.S. mail on the following counsel of record on June 21, 2023:

Geoffrey Mayfield
14503 Huebner Road, Building 32
San Antonio, Texas 78229
geoff.mayfield@gmail.com
*Attorney for Plaintiffs*

                              */s/ Mark D. Cronenwett*
                              **MARK D. CRONENWETT**